ARKANSAS NATIONAL BANK OF HOT SPRINGS,

EXECUTOR, *v.* AUGHENBAUGH.

4-7979 197 S. W. 2d 463

Opinion delivered November 25, 1946.

750

*Wootton, Land & Matthews,* for appellant.

*Leland F. Leatherman* and *Scott Wood,* for appellee.

SMITH, J. Mrs. Della B. Singer executed her last will and testament on June 2, 1944, wherein she devised to a trustee her large and valuable estate. She devised her home and its furnishings to her husband, and directed the trustee to pay her husband the sum of $100,000, and also to pay the medical bills of her husband during the remainder of his life. After making bequests totaling many thousands of dollars, she directed that the income from the residuary estate be paid to her husband for the balance of his life. Among other devises was one of $3,000 to Bessie Aughenbaugh, who was referred to as a "devoted, obedient companion and servant to me."

The will was duly probated and Miss Aughenbaugh filed as a claim against the estate two checks payable to her order, given to her by the testatrix. One of these checks, dated September 27, 1944, was for $1,500. The other, dated October 3, 1944, was for $2,500, and on the face of each check was written the words, "In case of death." This claim was disallowed by the trustee, who had also been appointed executor, and does not appear to have been further prosecuted.

There was also filed with the executor a claim reading as follows:

"To:

Amount due under specific agreement made by decedent, Della B. Singer, in consideration of the agreement

of claimant not to leave the decedent and to remain in decedent's home and serve and care for her during the remainder of decedent's life. $4,000.''

The probate court allowed this claim after it had been disallowed by the executor, and from that order is this appeal.

Mrs. Singer was an invalid for many years, and during the last twenty years of her life she was constantly attended by Miss Aughenbaugh, who was a practical nurse. Miss Aughenbaugh lived in the home of Mrs. Singer, and attended Mrs. Singer both night and day, being assisted by a professional nurse when Mrs. Singer required that attention. Mrs. Singer died October 11, 1944, and it is said that after the allowance of the claim by the probate court, Mr. Singer, her husband, married Miss Aughenbaugh. There is no competent evidence of this marriage, but that fact, which is not denied, is largely relied upon to discredit Singer's testimony. The case rests largely upon the testimony of Singer, as the claimant is disqualified as a witness under § 5154, Pope's Digest, which provides that ''. ,. . in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party.''

Singer testified that his wife told him that Miss Aughenbaugh was about to quit her service for the reason that she could otherwise secure a larger wage, and his wife directed him to offer Miss Aughenbaugh a compensation of $4,000 to continue in service for the remainder of Mrs. Singer's life. He made this offer at the direction, and under the authority of his wife, and the offer was accepted. It is urged that this agreement is unreasonable and improbable inasmuch as Mrs. Singer lived for only a short time thereafter. But she had already lived for many years under the care of Miss Aughenbaugh, and it was not known how much longer the service would be

continued. It is undisputed, however, that it did continue, and that Miss Aughenbaugh remained in service until Mrs. Singer died.

It is argued that Singer's testimony was discredited and should not be believed because it is in conflict with testimony given by him in a suit brought against him by the trustee, to recover $500,000 for the benefit of the estate, in which he testified that Miss Aughenbaugh's salary was $125 per month. The outcome of this suit is not shown. This statement does conflict with the testimony given by Singer at the trial from which is this appeal, but he explained that he did not attend to his wife's business, and that he was not certain what the salary was.

Mrs. Singer lived fifteen days after the date when the contract here sued on was alleged to have been made. After Mrs. Singer's death, Miss Aughenbaugh presented to the bank for payment, the last check given her by Mrs. Singer for services, and she presented at the same time, for payment, the two checks above referred to, totaling $4,000. Importance is attached to the fact that she did not tell the trust officer when she presented the checks for payment that she had the $4,000 contract. This officer was asked: "Was there any statement made to you or information furnished that there was any other additional salary due or owing for compensation to Bessie Aughenbaugh?" And he answered, "No." As a matter of fact there was not, nor is it claimed that there was. Miss Aughenbaugh does not seek to recover $8,000, but only $4,000, and she presented these checks for payment, which, if paid, would have satisfied her contract.

Other circumstances tend in some measure to contradict Mr. Singer. It is argued that the testimony of Mr. Singer that the allowance of this claim would be against his interest, shows his lack of candor, as he was no doubt contemplating marrying the claimant. But even so, the statement is not necessarily false, inasmuch as payment of the claim would reduce the residuary value of the estate, and the will provides that the net income of the

estate "shall be paid to him (Singer) either monthly, semi-annually or quarterly as he desires," for the remainder of his life, the trust to terminate upon his death.

We need not decide whether Miss Aughenbaugh could enforce payment of the checks, as she is not now attempting to do so, but even so the checks strongly, and we think sufficiently, corroborate and sustain the testimony of Singer that his wife agreed to pay Miss Aughenbaugh $4,000 if she would remain in her service until her death, which Miss Aughenbaugh did.

It is insisted that if the claim for wages is allowed, there should be deducted from it the $3,000 devised to Miss Aughenbaugh in the will, but this does not follow, as the legacy to a creditor is not deemed to be in satisfaction of the debt unless such intention clearly appears, especially where the debt was contracted after the date of the will, as occurred here. See § 2140, 69 C. J., "Wills," and cases there cited. At § 2145 of the same article, it is said: "In determining whether or not the testator intended a donation to be in satisfaction of a claim against him, regard may be had to the quantum of the testator's estate and his general intention in disposing of it so that where there is a sufficiency of assets to pay both debts and legacies a legacy will not be deemed to have been intended as a satisfaction."

We conclude the finding of the Chancellor, sitting in probate, is not contrary to a preponderance of the evidence, and the judgment is therefore affirmed.

GRIFFIN SMITH, C. J., dissents.